46 So.2d 854

### PRITCHETT v. STATE.
### 3 Div. 921.

Court of Appeals of Alabama.
June 6, 1950.

John N. McGee, Jr., of Montgomery, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment, in proper form and substance, charged the defendant with the offense of burglary in the second degree, in that, he did, with intent to steal, break into and enter the storehouse of Milton Holliday, in which goods, wares and merchandise, things of value were kept for use, sale or deposit, etc., to which indictment the defendant, upon arraignment, interposed his plea of not guilty.

On this appeal but one question is presented for our consideration, the sufficiency of the evidence to support the judgment of conviction from which this appeal was taken.

The evidence adduced upon the trial disclosed without dispute that the offense complained of in the indictment had been committed. It tended to show conclusively that the designated storehouse was broken into on the night in question and that a large amount of the merchandise was stolen therefrom. It also tended to show that the crime was committed by three Negro boys, one of whom was this appellant. He was apprehended the next day after the burglary, and the evidence of the State tended to show that this appellant was one of these boys, and further, that he freely and voluntarily made a full and complete confession to that effect. But upon the trial of the case he recanted, and insisted he had taken no part in the burglary and knew nothing about it. He set up an alibi and offered the testimony of his grandmother, and one or two other colored persons, which tended to support his alibi. He also testified in his own behalf to the effect that the confession was forced, and that he had made it because he was afraid. The State's testimony, as stated, showed he had not been coerced in any manner and that the confession was of his own volition in every way.

The trial judge charged the jury in short and concise language that the case rested upon a question of fact only and thus submitted the case to the jury, who returned a verdict of guilty as charged.

There appears no semblance of error in any ruling of the trial court who properly overruled defendant's motion for a new trial.

Affirmed.